MARIA M. TODD *vs.* ROBERT T. KERR and ANNA. M. KERR.

42b 317
60ad602

42b 317
f 62ad446
62ad447

The legislature of a foreign state has no power to dissolve the marriage contract when the wife alone is resident within the state and subject to its jurisdiction, so as to affect rights of property in another state, where the husband is actually resident.

When the husband is a citizen of one state, and the wife resident within another, can a state legislature destroy or impair the obligation of the marriage contract, by an act which takes the form of a law? Is not such an act within the spirit, if not the very letter, of the constitutional prohibition which forbids a state to pass any law which impairs the obligation of contracts? *Quære.*

In such a case the wife is not estopped from denying the force and efficacy of the legislative divorce.

One who is not bound by an estoppel cannot claim the advantages of it. And as the husband, under such circumstances, is not bound or affected by the law of the foreign state, and therefore could not claim that the act of the wife, in procuring the passage of that law, had the effect of an estoppel, neither can his heir at law so claim.

MOTION for judgment upon a verdict, in an action for dower.

*D. P. Barnard,* for the plaintiff.

*John Winslow,* for the defendants.

*By the Court,* BROWN, J. This case does not require, nor indeed admit of, a very protracted or elaborate investigation. It involves the power of the legislature of a foreign state to dissolve the marriage contract, when the wife alone is resident within the state and subject to its jurisdiction, so as to affect rights of property in another state, where the husband is actually resident. The plaintiff is the widow of Richard M. Todd, late of the city of Brooklyn, in this state, where he resided at the time, and for many years before his death, which took place in February, 1862. In 1841, 1842, 1843, and 1844, his wife, the plaintiff, lived separate and apart from him, in the state of New Jersey, which, for all the purposes of this case, may be considered to have been her place

of residence during those years.  While she was so residing in New Jersey, and her husband was residing in Brooklyn, in the state of New York, and on the 26th January, 1844, the legislature of the former state passed the act produced and proved upon the trial, entitled "An act to divorce Maria M. Todd from her husband Richard M. Todd," which declared that the marriage contract between them was dissolved as fully, to all intents and purposes, as if they had never been joined together in matrimony, with a clause saving the legitimacy of the children.  The proof tends to show, which may be taken as true, that the passage of this act was procured by herself, but not by the agency, consent or knowledge of her husband.  The premises in which she claims as her reasonable dower, and which have been assigned to her by proceedings had before the surrogate of Kings county, were acquired by her deceased husband in fee, after the passage of the New Jersey act, in 1850.

The contract of marriage is entire and indivisible, conferring rights and imposing obligations upon both parties. When the courts exercise the power of dissolving the contract and relieving the parties from its obligations, they must have jurisdiction over both.  They cannot, at the suit of one, entertain proceedings against the other, for a dissolution of the contract, unless they have jurisdiction of such other, either by the serving of process or by voluntary appearance. Such an act—and there have been such acts—has been denounced as contrary to the first principles of justice. What cannot be done by the judicial power of a state, in this respect, is equally beyond the reach of the legislative power.  If they may give effect to such legislation within their own borders, they cannot, certainly, thereby affect the rights of property of either party who are not, and where the property is not, subject to their jurisdiction.  Under our laws, marriage is not a sacrament, but a civil contract, made like other contracts, with the consent of the parties, and upon sufficient consideration.  Assuming that the husband

Todd *v.* Kerr.

is a citizen of our state and the wife resident within another, can a state legislature destroy or impair the obligation of the marriage contract by an act which takes the form of a law? Is not such an act within the spirit, if not the very letter of the constitutional prohibition which forbids a state to pass any law which impairs the obligation of contracts? *Quære.*

In respect to the act relied upon in this action, let us consider its effect upon the marital rights of the husband, Richard M. Todd. As husband he had rights to his wife's lands, to her goods and chattels, and choses in action. Were these taken away by the act of a state where he did not reside, and to which he owed no duty or allegiance, and of which act he had no notice, and no opportunity of opposition or defence? No one will venture to affirm that the act could so affect his interests. Yet all this must be conceded and yielded to it if it was effectual for any purpose. It dissolved the marriage contract, or it did nothing. If it left the husband's marital rights unimpaired, so it did the wife's rights to the property of her husband if she survived him. It is said, however, that she is estopped from denying the force and efficiency of the legislative divorce. I do not see the elements of an estoppel in the transaction. To constitute an estoppel, the acts and representations of the party must have been designed to influence, and did influence, the other party to do acts which he would not otherwise have done, and a denial or repudiation of which will operate to his injury. There is no evidence that Todd, the husband, did any thing in consequence of the act of the New Jersey legislature, which he would not have done if no such act had been passed. Besides, every estoppel must be reciprocal and binding on both parties. I have already endeavored to show that the husband was not bound or affected by the law in question. And it is another principle in the law of estoppel, that one who is not bound by it cannot claim the advantages of it. The defendants in this action stand in the place of Richard M. Todd; the defendant Anna M. Kerr, being his heir at

law. If he could not have claimed that the conduct of the mother, in procuring the passage of the New Jersey law, had the effect of an estoppel, they cannot so claim.

Judgment should be entered for the plaintiff upon the verdict.

[DUTCHESS GENERAL TERM, May 9, 1864. *Brown, Scrugham, Lott* and *J. F. Barnard,* Justices.]