---

(60 App. Div. 599.)

## In re SWALES' ESTATE.

(Supreme Court, Appellate Division, Fourth Department.    April 18, 1901.)

EXECUTORS AND ADMINISTRATORS—RIGHT TO ADMINISTER—DIVORCED WIFE—
    FOREIGN DIVORCE DECREE—INVALIDITY—EFFECT—JURISDICTION OF FOR-
    EIGN COURT—ESTOPPEL TO DENY.
        Petitioner and decedent lived together as husband and wife from 1869
    until 1873, when the petitioner left her husband and went to Illinois,
    where she procured a divorce on the ground of her husband's intoxica-
    tion, contrary to the laws of New York.  Decedent was served by publi-
    cation only, and, after obtaining the divorce, petitioner returned to New
    York and married another, with whom she cohabited as his wife until
    decedent's death, in 1899; she having borne to her second husband a
    daughter, born in 1887.  Decedent died in 1899 without remarrying, and
    letters of administration on his estate were granted to his brother.  Held,
    that petitioner, having voluntarily elected to invoke the jurisdiction of
    the Illinois courts  to obtain a divorce thereunder, was estopped to al-
    lege that such divorce was void as to her because not recognized by the
    New York laws, and hence she was not entitled to administer decedent's
    estate, as his widow.

Appeal from surrogate's court, Wayne county.

Application by Mary E. Trowbridge for the revocation of letters of administration on the estate of William H. Swales, deceased, previously granted to Joseph G. Swales, and for an order directing issuance of letters to petitioner.  From an order granting the relief prayed, Joseph G. Swales, as administrator, etc., appeals.  Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

E. W. Hamm, for appellant.
S. B. McIntyre, for respondent.

ADAMS, P. J.   There is little, if any, dispute respecting the essential facts of this case, which, briefly stated, are these:  The petitioner and the decedent, William H. Swales, intermarried at the town of Sodus, in this state, on the 3d day of May, 1869, and continued to live in that town and to cohabit as husband and wife until about December, 1873, when a separation took place, which continued until the death of the husband, as hereinafter stated.  In the year 1883 the petitioner obtained a decree of divorce from her husband in the state of Illinois, which purported to absolutely dissolve the marriage between the parties upon grounds and for causes which are not recognized by the laws of this state as sufficient for that purpose.  The summons or process by which the divorce action

was commenced was served by publication only, and the decedent did not appear therein either in person or by counsel. Some time after the obtaining of such decree of divorce the petitioner married one David Trowbridge, with whom she has since cohabited and resided in this state, and by whom she has a daughter some 12 years of age. On the 19th day of December, 1899, William H. Swales departed this life, intestate, at Sodus, N. Y., where he had continued to reside from the time of his marriage to the petitioner, leaving both real and personal estate. On the 29th day of the same month letters of administration were issued by the surrogate of Wayne county to one Joseph G. Swales, a brother of the intestate; and thereafter, and on the 7th day of September, 1900, upon the petition of the former wife, Mary E. Trowbridge, a decree was entered revoking the same, and granting letters of administration to the petitioner. The learned surrogate complemented the decree of his court with an opinion in the course of which he took occasion to say that the conclusion reached by him was constrained by what he believed to be the law of this state, and that it was not reached without reluctance upon his part, from which it may be reasonably inferred that the attitude of the respondent was as repugnant to his sense of propriety as it must have been to that of every one at all conversant with the facts of the case. Indeed, it would be something of a reproach to our system of jurisprudence, as well as contrary to public policy, were a married woman permitted to invoke the jurisdiction of a foreign court as a justification for entering into and maintaining marital relations with a third party, and then to repudiate such election merely for the purpose of obtaining the property of the husband from whom she claimed to have been divorced. The vital and only question, therefore, to be determined upon this appeal, is whether the law of this state does really sanction such an anomalous condition of things. In entering upon a consideration of this question, it may be assumed that the courts of this state will not recognize the absolute validity of a divorce obtained in another state upon grounds insufficient for that purpose in this state, when the defendant resided here, but was not personally served with process, and did not appear in the action. O'Dea v. O'Dea, 101 N. Y. 23, 4 N. E. 110; Cross v. Cross, 108 N. Y. 628, 15 N. E. 333; De Meli v. De Meli, 120 N. Y. 485, 24 N. E. 996; Williams v. Williams, 130 N. Y. 193, 29 N. E. 98, 14 L. R. A. 220; In re De Garamo's Estate, 86 Hun, 390, 33 N. Y. Supp. 502; Bell v. Bell, 4 App. Div. 527, 40 N. Y. Supp. 443, affirmed in 157 N. Y. 719, 53 N. E. 1123, also recently affirmed by the supreme court of the United States. And in a very recent case the court of appeals has gone so far as to declare that in a divorce action the court of a sister state does not acquire jurisdiction of the person of a defendant who resides in this state, even though process be personally served upon him within the state of his residence. In re Kimball, 155 N. Y. 62, 49 N. E. 331. In some of the cases above cited it is said that a decree of divorce obtained in the manner we have mentioned is void and of no effect, while in others it is said that it is void as against the nonappearing defendant. The latter statement

is probably the more accurate one; for it was long ago held, in a case which has since been frequently cited with approval, that, while a state may adjudge the status of one of its own citizens towards a nonresident, it cannot fix upon the citizen of another state, over whom it has failed to acquire jurisdiction, a status, against his will and without his consent, which is repugnant to the laws of the sovereignty of his allegiance. People v. Baker, 76 N. Y. 78. The rule as thus stated would apparently warrant the assertion that a decree of divorce obtained in a sister state against a citizen and resident of this state is valid so far as it affects the marital status of the plaintiff. Indeed, such seems to be the view taken by the court of appeals in a comparatively recent case (Rigney v. Rigney, 127 N. Y. 408–413, 28 N. E. 405), and, did we feel at liberty to adopt it in the present instance, it would necessarily lead to a reversal of the decree appealed from. But there seems to be one element lacking in this case which was present in both of the cases last cited, and that is evidence that the respondent at the time she obtained her divorce was a resident of the state in which she obtained it. That she did obtain a divorce in the state of Illinois upon the ground of her husband's habit of intoxication is not denied, and it is expressly conceded that such divorce was obtained "in conformity with the laws of that state." Possibly, in view of this concession, it would be reasonable to assume that the respondent, when she brought her divorce action, had gained a residence in Illinois, and that such residence was a prerequisite to her maintaining the same; but there is no affirmative evidence to that effect, and, in the absence of the statute law of that state, which was not introduced in evidence, it will be safer, we think, to rest our decision upon another ground.

It is made to appear, beyond all controversy, that the respondent did invoke the jurisdiction of the court of a sister state to free herself from all marital relations with the decedent, and that, having accomplished her object, she returned to this state and married another man, to whom she has borne at least one child. Now, while it probably would not be technically correct to assert that any or all of the respondent's acts constituted an estoppel, within the ordinary acceptation of that term, for the reason that they were not designed to, and did not, influence the decedent to do anything which he would not otherwise have done (Todd v. Kerr, 42 Barb. 317; Holmes v. Holmes, 4 Lans. 388), yet we think the case justifies the application of a somewhat similar principle, which is that where a party has invoked the jurisdiction of any court, and submitted himself thereto, he cannot thereafter be heard to question such jurisdiction. This principle was broadly declared in the case of Hewitt v. Northrup, 75 N. Y. 506, upon the authority of which it was held applicable to a case similar in many of its features to the one under consideration, by the late general term of the First department (In re Morrison, 52 Hun, 102, 5 N. Y. Supp. 90), and the decision in the last-mentioned case was subsequently affirmed by the court of appeals (117 N. Y. 638, 22 N. E. 1130). The same rule has been adopted by the courts of this and many other states in a variety of cases. Kinnier v. Kin-

nier, 45 N. Y. 535; Van Koughnet v. Dennie, 68 Hun, 179, 22 N. Y. Supp. 823; Hess v. Smith, 16 Misc. Rep. 55, 37 N. Y. Supp. 635; Coddington v. Coddington, 10 Abb. Prac. 450; Arthur v. Israel, 15 Colo. 147, 25 Pac. 81, 10 L. R. A. 693; Kirrigan v. Kirrigan, 15 N. J. Eq. 146; In re Ellis' Estate, 55 Minn. 401, 56 N. W. 1056, 23 L. R. A. 287; Ellis v. White, 61 Iowa, 644, 17 N. W. 28; Hunter v. Hunter, 111 Cal. 261, 43 Pac. 756, 31 L. R. A. 411; Knott v. Taylor, 99 N. C. 511, 6 S. E. 788. Several of these cases were actions where a party, having obtained a divorce, attempted to call in question the jurisdiction of the court which granted the same, and it was held that the principle to which we have just adverted could and should be applied; and we are clearly of the opinion that it may be resorted to with great propriety in the present case, in view of its somewhat remarkable circumstances. Mrs. Swales, in order to obtain an absolute divorce from her husband, elected to go into the state of Illinois, where the rules and regulations respecting such actions are much less rigid than they are in this state. She obtained what she went for, and, reposing upon the regularity and security of her decree, she subsequently married another man, with whom she is still living. Having made this election, and secured to herself all the benefits that were obtainable therefrom, it would seem like a travesty of justice to permit her now to repudiate the same, and, by impeaching the validity of the decree under which she has lived for 18 years, to administer and appropriate the personal estate of a man from whom for that period of time she had proclaimed to the world that she was absolutely divorced.

The decree of the surrogate's court should be reversed, with costs, and the prayer of the petition denied. All concur.