(48 Misc. Rep. 396.)

### BUXBAUM v. MASON.

(Supreme Court, Appellate Term. October 27, 1905.)

1. EVIDENCE—BURDEN OF PROOF—ACTION AGAINST HUSBAND.

In an action against a husband for the price of goods furnished the wife while separated from the husband, the burden is on plaintiff to show that the wife's act in living apart was justified.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 844.]

2. ESTOPPEL—DIVORCE—DECREE FOR WIFE—ATTACK BY WIFE.

A decree of divorce obtained by a wife fixes her status, and she cannot assert the contrary, though the husband might have been in a position to assail the decree for lack of jurisdiction.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 560.]

3. DIVORCE—FOREIGN JUDGMENT—SUFFICIENCY.

A decree of a court of Oklahoma setting aside a decree of divorce on the wife's application was of no avail as evidence of such an adjudication, where the record did not show service of process on the husband.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Louis Buxbaum against Edmund T. Mason. Judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Leonard J. Obermeier, for appellant.
Herman M. Schaap, for respondent.

BISCHOFF, J. The plaintiff's judgment, for the value of a dress furnished to the defendant's wife, is based upon the wife's implied agency to pledge her husband's credit for necessaries, since the defendant personally had not connected himself with the transaction. The husband and wife in this case had not lived together for some 11 years, and the fact of this actual separation cast the burden upon the plaintiff of showing that the wife's act in living apart was justified; for the fact negatived a presumption of the wife's agency. Bloomingdale v. Brinkerhoff, 20 N. Y. Supp. 858; Constable v. Rosener, 82 App. Div. 155, 81 N. Y. Supp. 376; Id. 178 N. Y. 587, 70 N. E. 1097. The case of Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270, cited for the respondent, states no different rule. There the question was, not what the plaintiff was bound to prove, but whether, under the pleadings, he should not have been allowed to give his proof, and nothing else was decided.

The record before us contains no evidence in explanation of the circumstances under which the separation occurred, and there is, therefore,

no support for the judgment. Again, the assumed wife had concededly obtained a decree of divorce in an action brought by her against this defendant in the year 1897. This decree fixed her status, and she could not assert the contrary, notwithstanding that the defendant might have been in a position to assail the decree for lack of jurisdiction as to him. Starbuck v. Starbuck, 173 N. Y. 503, 66 N. E. 193, 93 Am. St. Rep. 631; In re Swales, 60 App. Div. 599, 70 N. Y. Supp. 220. To meet this difficulty, the plaintiff offered in evidence a decree of the same court (the district court of the territory of Oklahoma), made seven years later, setting aside the decree of divorce upon the wife's application and upon the defendant's default. The record of this degree contains no recital tending to show that the court ever obtained jurisdiction of the person of the defendant, through service of process, within the rules settled by authority (In re Swales, supra, and cases cited at page 601 of 60 App. Div., page 221 of 70 N. Y. Supp.) ; and the proceedings were of no effect, as against him, nor was the decree available as an adjudication.

At best, the papers thus offered established the fact that the one-time wife had asserted elsewhere that which she would not be permitted to assert for her own benefit before a court of this state—that the decree of divorce which she had obtained was invalid; but the foreign court's ex parte acquiescence in her assertion did not alter the fact that her status had been fixed by the decree of divorce, as far as this defendant was concerned, and she could not re-establish herself as his wife, except upon proof of some adjudication binding upon him. If admissible for any purpose, the later decree referred to did not afford any evidence that the one-time marital relations of these persons still existed, where, concededly, the wife had once caused them to be severed.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.