### BERNEY v. ADRIANCE.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. DIVORCE (§ 328*)—CRIMINAL CONVERSATION—DEFENSES—MARRIAGE AFTER VOID DIVORCE.

In an action for criminal conversation, the fact that the defendant had married the plaintiff's wife after she had obtained a divorce from the plaintiff in another state without personal service upon him in that state or appearance by him is not a defense, since such a divorce is of no validity for any purpose in New York.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. § 328.*]

---

2. HUSBAND AND WIFE (§ 349*)—CRIMINAL CONVERSATION—EXCESSIVE DAM-
AGES.

Where a husband has deserted and abandoned his wife, and she has
secured a divorce in another state, which is void in New York, and there-
after married the defendant, a verdict for $2,500 damages, in an action
for criminal conversation by the first husband against the second, is
excessive.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1134;
Dec. Dig. § 349.*]

3. DAMAGES (§ 14*)—"NOMINAL DAMAGES"—AMOUNT.

Where the jury returned a verdict for the plaintiff in an action for
criminal conversation "in the nominal amount of $2,500," such a verdict
is not for a trifling sum, where there is a technical invasion of plaintiff's
right and no substantial loss, and therefore does not constitute nominal
damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 356; Dec. Dig.
§ 14.*

For other definitions, see Words and Phrases, vol. 5, pp. 4815, 4816;
vol. 8, p. 7732.]

4. HUSBAND AND WIFE (§ 348*)—CRIMINAL CONVERSATION—EVIDENCE.

Where plaintiff's wife married another after obtaining a void divorce,
and openly lived in the marital relation with her second husband, evi-
dence in an action for criminal conversation as to the relations between
the wife and the defendant prior to the time charged in the petition is
not admissible for the purpose of showing the character of the acts
charged.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1132,
1133; Dec. Dig. § 348.*]

Appeal from Trial Term, New York County.

Action by James P. Berney against Benjamin Adriance. Judgment
for the plaintiff in the sum of $2,500, and defendant appeals. Re-
versed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT,
DOWLING, and HOTCHKISS, JJ.

George O. Redington, of New York City, for appellant.
Charles R. Bradbury, of New York City, for respondent.

DOWLING, J. The plaintiff was married to Jean M. Purdy Sep-
tember 1, 1883, in the city of Corry, state of Pennsylvania. There-
after they removed to the state of New York, where they resided
together until April, 1902, at which time, upon the testimony herein,
it sufficiently appears that the plaintiff abandoned his wife, remov-
ing to other apartments in the city of Brooklyn, where they then
resided, and telling her when she called upon him with the then two
living children issue of the marriage that she could keep them, as
they loved her more than they did him. Plaintiff did not contribute
to his wife's support, and in September or October, 1902, she re-
moved to Sioux Falls, S. D., where she rented rooms and remained
for a year or more, with the exception of three months spent in New
York City after the Christmas holidays. On May 23, 1903, she com-
menced an action in the state of South Dakota against her husband
for absolute divorce, upon the ground of his desertion and failure

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to support her.  A final decree therein was entered July 10, 1903.
The husband never had been a resident of nor within the state of
South Dakota, and an order for substituted service was made May
29, 1903, pursuant to which the summons and complaint in said ac-
tion were personally served upon him in the city of New York on
June 8, 1903.  He entered no appearance in the action, and caused
no pleading to be served therein on his behalf, and the judgment
against him was obtained on his default.  In September, 1903, Mrs.
Berney returned to New York state and remained there until July,
1909, when she changed her residence to the state of New Jersey,
wherein she resided continuously until March 12, 1910.  On that date
she was married at Hoboken, in the state of New Jersey, by a justice
of the peace to the defendant, Benjamin Adriance, whose wife had
died some four days before, and from whom he had been separated
some 10 years prior to her decease.  The parties resided in the state
of New Jersey until they removed to the borough of Brooklyn, in
the state of New York, about Christmas, 1911.  The complaint herein
is based upon allegations of improper intimacy between the defend-
ant and Mrs. Berney between June, 1909, and the time of the com-
mencement of the action, the places specified being Woodcliff, N. J.,
and Brooklyn, N. Y.  The month of June, 1909, is the date when
Mrs. Berney went over to New Jersey and took up her residence in
premises owned by the defendant before her marriage to him.  Upon
the trial of the action evidence was received, over the objection of
the defendant, as to prior acts of intimacy between them before the
time alleged in the complaint.  The verdict was in the following
form:

"We find a verdict for the plaintiff in the nominal amount of $2,500."

[1]  We think, upon this record, that it must be determined that
the divorce obtained by Mrs. Berney from her husband in South
Dakota was invalid, and that, in so far as the plaintiff herein was
concerned, it had no binding force nor effect within this state, nor
will the courts of this state in any manner recognize it as effectual
for any purpose in this jurisdiction.  There is a long line of cases
wherein the courts of this state have declined to recognize as valid a
decree of divorce obtained in another jurisdiction against a citizen
and resident of this state, where he had neither appeared nor an-
swered in the action, and where no personal service had been made
upon him within that jurisdiction.  Among these were People v.
Baker, 76 N. Y. 78, 32 Am. Rep. 274; O'Dea v. O'Dea, 101 N. Y.
29, 4 N. E. 110; Jones v. Jones, 108 N. Y. 415, 15 N. E. 707, 2 Am.
St. Rep. 447; Cross v. Cross, 108 N. Y. 628, 15 N. E. 333; Bell v.
Bell, 157 N. Y. 719, 53 N. E. 1123; Lynde v. Lynde, 162 N. Y. 411,
56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332; McGown v. Mc-
Gown, 164 N. Y. 558, 58 N. E. 1089; Winston v. Winston, 165 N. Y.
553, 59 N. E. 273.
     The cases in this state have been summarized in Haddock v. Had-
dock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1,
and the general proposition seems to have been incontrovertibly es-

tablished since that time. In Ransom v. Ransom, 54 Misc. Rep. 410, 104 N. Y. Supp. 198, the plaintiff had been driven from her husband's home by reason of his misconduct, and she and her children became in good faith residents of the state of Virginia. Of that state she had been an actual resident for more than two years, when she obtained within that state, and pursuant to its laws, a judgment of absolute divorce upon the ground of the defendant's adultery. The service of process in that action was by publication, and the defendant neither appeared nor answered therein. It was there proved that the defendant had actual knowledge of the issuance of the decree, and had procured a copy thereof before his time to intervene and have the default opened had expired. More than four years thereafter the plaintiff married in the state of Virginia, and despite the fact that she had been the innocent party throughout, that her residence in Virginia was taken up as a matter of necessity and in good faith, because she had been driven from her husband's home by reason of his misconduct, and although she had continuously been a resident thereof down to the time of the bringing of the husband's action, nevertheless the latter was successful in his suit for an absolute divorce brought in this state and based upon the alleged adultery committed with the husband whom she had married in the state of Virginia. The determination of the court proceeded upon the doctrine that where the defendant in a divorce action is not domiciled in the state where the suit is brought, does not appear therein, and is only constructively served with process, no actual service being made within the state, the court acquires no jurisdiction. Upon appeal to this court the judgment was affirmed. 125 App. Div. 915, 109 N. Y. Supp. 1143. I am unable to find any decision which has qualified or limited this statement of the law. It follows, therefore, that the South Dakota decree in the eyes of the courts of this state is invalid, and that the marriage of the defendant and Mrs. Berney thereunder is no answer to the plaintiff's action, even though the courts of the state of New Jersey, under their decision, might recognize the South Dakota decree as binding upon a citizen of that state under these circumstances, for in this state we have refused to recognize the validity of a marriage solemnized in the state where the decree of divorce was obtained, and which, under the laws of that state, was a perfectly valid and binding one. See McGown v. McGown, 19 App. Div. 368, 46 N. Y. Supp. 285, affirmed 64 N. Y. 558, 58 N. E. 1089.

[2] I believe, however, that this verdict, if it really represents the deliberate action of the jury which rendered it, is excessive in view of all the circumstances of the case. Having in mind the fact that plaintiff had voluntarily abandoned his wife eight years before her attempted marriage with the defendant, had never contributed to her support, had never sought a reconciliation with her, and had left her and her children to shift for themselves as best they could, no foundation has been established for any such amount of recovery, particularly as defendant is not shown to have been in any way responsible either for the original separation or its continuance, with both of which plaintiff solely is chargeable.

[3] Nominal damages are defined as "a trifling sum awarded to a plaintiff in an action where there is no substantial loss or injury to be compensated, but still the law recognizes a technical invasion of his rights or a breach of the defendant's duty." Black's Law Dictionary. These are formal damages as distinguished from real or substantial ones. Awards of 6 cents or $1 represent nominal damages. When such an award as $2,500 is made, it has none of the characteristics of a nominal one, but assumes the proportions of compensation. If the jury thought that they were awarding really only nominal damages, then their verdict was based on error, and should in any event have been set aside. If they sought to award compensation, the amount granted was excessive and should also have been set aside. From every point of view the defendant is entitled to a new trial.

[4] Furthermore, error was committed in receiving, over due objection, testimony as to the relations existing between the defendant and Mrs. Berney prior to June, 1909, the first date set forth in the complaint when such relations are claimed to have existed. It is sought to sustain the admission of this testimony upon various grounds, none of which we believe is sufficient. The sole issue presented by the pleadings was that of the relations had between the parties after June, 1909. As their relationship after the attempted marriage between them was avowedly a marital one, no testimony as to what had transpired between them before that time was either necessary or admissible to characterize it for its nature was open and avowed.

The judgment and order appealed from will therefore be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, SCOTT, and HOTCHKISS, JJ., concur. INGRAHAM, P. J., concurs in result.