### FELBERBAUM v. FELBERBAUM et al.

(Supreme Court, Appellate Term, First Department.  January 7, 1915.)

DIVORCE (§ 165*)—DECREE—IMPEACHMENT.

> Where a wife secured a divorce in a foreign state on publication, though her husband was a resident of the state of the forum, the wife cannot, the husband having ratified the decree, herself attack it and recover on a previous separation agreement, although the decree could be both directly and collaterally impeached by the husband.
>
> [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–542, 546, 548; Dec. Dig. § 165.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Anna V. Felberbaum against David Felberbaum and another. From a judgment for plaintiff, the named defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Charles Grossman, of New York City, for appellant.

Myers, Kutner & Schuhmann, of New York City (David C. Myers and Joseph H. Kutner, both of New York City, of counsel), for respondent.

GUY, J.  Plaintiff sues to recover unpaid installments, amounting to $115, alleged to be due under a separation agreement entered into between plaintiff and defendant on April 23, 1913, whereby the defendant agreed to pay plaintiff "during her coverture" the sum of $5 per week. It is admitted that plaintiff on January 26, 1914, obtained a decree of divorce from defendant in the state of Nevada; the defendant not appearing in said action and not having been personally served, and defendant being at that time a resident of the state of New York.

---

There is no doubt that, though the decree of divorce may be valid and binding in Nevada, it might have been successfully questioned by or on behalf of the defendant here, either directly or collaterally. Berney v. Adriance, 157 App. Div. 628, 631, 142 N. Y. Supp. 748. But defendant does not question it; on the contrary, he ratifies it. Can plaintiff, therefore, be heard to allege the invalidity of the decree which she procured to be entered in her own favor, notwithstanding her former husband's ratification. In Starbuck v. Starbuck, 173 N. Y. 503, 506, 507, 66 N. E. 193, 93 Am. St. Rep. 631, it was held that a wife who had procured a Massachusetts decree of divorce, after service by publication only upon a nonresident husband, could not be heard to impeach the validity of her own decree in an action for dower in lands purchased by the divorced husband after the decree. This case was followed and approved in Van Blaricum v. Larson, 205 N. Y. 355, 360, 98 N. E. 488, 41 L. R. A. (N. S.) 219, Ann. Cas. 1913E, 553. Where a wife obtained an absolute divorce in Illinois for intoxication, upon service by publication only upon a nonresident husband, married another man, and lived with him until her first husband's death, it was held that she could not be heard to assert that she is his widow, and as such entitled to administer upon his estate. In re Swales, 60 App. Div. 599, 602, 603, 70 N. Y. Supp. 220, affirmed on opinion below 172 N. Y. 651, 65 N. E. 1122. In Buxbaum v. Mason, 48 Misc. Rep. 396, 397, 95 N. Y. Supp. 539, this court held that a foreign divorce obtained by a wife fixed her status, unless the husband questioned it. The Municipal Court had jurisdiction, but no cause of action was shown.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.