Matter of the Estate of THOMAS F. SHEEDY, Deceased.

(Surrogate's Court, New York County, May, 1919.)

Executors and administrators — foreign decree of divorce — petition for letters of administration denied to alleged widow.

> Upon application for letters of administration by one claiming to be the widow of the decedent it appeared that after obtaining a foreign decree of divorce from him in 1890, upon service by publication only, she lived with him for two years, then separated from him, and did not live with him for twenty-three years nor even see him, and in 1906 was married to another and after having that marriage annulled lived with decedent from 1916 until his death two years later. *Held,* that so far as the administration of the estate was concerned the foreign decree of divorce was valid and the evidence being insufficient to sustain a common-law marriage her petition for the letters will be denied.

APPLICATION for letters of administration.

Armstrong & Keith (John S. Keith, of counsel), for petitioner.

John J. Dwyer, for intervenor.

COHALAN, S. This is an application for letters of administration made by one who alleges she is the widow of the intestate. Sisters appear and object to the granting of the letters to the petitioner on the ground that she is not the widow of the intestate.

The petitioner was married to the intestate by a ceremonial marriage January 10, 1884. Subsequently a child was born. In 1890 the petitioner separated from the intestate and went to Chicago and there obtained a divorce from the intestate. The intestate was served by publication. Both the petitioner and

intestate, it appears, were very fond of the child, and on that account again lived together subsequent to 1890 for about two years. The child died in 1892, and in 1893 the petitioner again separated from the intestate and did not see him until 1916, a period of twenty-three years. In the meantime, in 1906, she married in Detroit, by a ceremonial marriage, one Francis J. Doyle. It does not appear how long she lived with him. She claims that she married Doyle believing Thomas F. Sheedy, the intestate, to be dead, but it appears that she made no sufficient effort to ascertain whether or not he was dead or alive. If she had done so, she would have undoubtedly found upon inquiry around New York, where he always lived, that he was alive. In 1916, she applied to the courts of Detroit and had the marriage to Doyle annulled on the ground that her husband, Sheedy, was alive at the time she married Doyle, and that she was not divorced from her husband.

The petitioner is attempting two things: First, to show that because the defendant in the action in Chicago was not personally served with the summons and complaint the divorce so obtained was invalid under the laws of this state; that, therefore, she was always the wife of Thomas Sheedy notwithstanding such decree of divorce, and that at the time she married Doyle in 1906 a valid marriage existed between herself and Sheedy and the marriage to Doyle was bigamous and void. Another alternative is introduced. In the event that this court should hold that the divorce in Chicago was properly obtained, the petitioner claims a common-law marriage. As to the latter proposition, I cannot see how a common-law marriage can be sustained. After the divorce in 1890 she lived with the intestate two years, then separated from him, did not live with him for twenty-three years,

did not even see him, and in 1906 married Doyle, then had the marriage to Doyle annulled and proceeded to live with the intestate from 1916 until his death, which happened in 1918. On that state of facts I cannot see how she can claim that there was any common-law marriage. She seems to have been playing fast and loose with all marriage laws, and living with whomsoever it best suited her fancy at any particular time. As to the decree of divorce obtained in Chicago in 1890, at least so far as administration of the estate is concerned, that has been held to be valid. *Matter of Swales,* 60 App. Div. 599; affd., without opinion, 172 N. Y. 651. That case was decided on the same state of facts as here presented. The alleged widow obtained a divorce in the state of Illinois. Service was made by publication only. The decedent did not appear in the action, and on the death of the former husband, when the widow applied to be appointed administratrix the court held that the law or public policy did not permit a married woman to invoke the jurisdiction of a foreign court and later repudiate the decree of that court, which she was instrumental in obtaining, dissolving the marriage, for the purpose of entitling her to letters of administration upon the estate of the deceased husband so divorced. When the petitioner lived with the intestate subsequent to the divorce for two years around 1890, and for two years around 1916, no common-law marriage appears to have been meant or intended by the petitioner.

In view of all the foregoing I am of the opinion that the petitioner is not entitled to letters of administration upon the estate of the intestate and the same will be denied her. *Matter of Swales, supra.*

Application denied.