MARY HEATH McGRAW *vs.* HOWARD ANTHONY McGRAW.

JULY 1, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Appeal and Error. Divorce. Final Decree.*

The correct procedure to review a decree dismissing a petition to vacate a. final decree of divorce, is by appeal.

(2) *Divorce. Fraud. Vacating Decree. Jurisdiction.*

One who has invoked the jurisdiction of the courts of this State and obtained a divorce by fraud, although claiming she was herself ignorant of the fraud of her attorney, will not be heard after decease of her husband who was innocent of fraud, and who had prior to the divorce made a will in favor of the wife, which was revoked under the laws of the state of his residence by the divorce, to question the jurisdiction of the court: where without at least gross negligence on her part in the execution of the papers the decree could not have been obtained.

(3) *Divorce. Public Policy.*

Where aside from the question of fraud in obtaining a divorce, the marriage status has been dissolved by the death of one of the parties, and no question as to rights to property within the State is involved, the State has no interest in the regularity of the proceedings.

DIVORCE. Petition to vacate final decree. Heard on appeal of petitioner and dismissed.

RATHBUN, J. This is a petition to vacate a final decree of divorce entered in favor of the petitioner granting her a. divorce from Howard Anthony McGraw, the nominal respondent who deceased before the filing of this petition. The decree was entered March 30, 1921; process was served on him in the State of Michigan. He was never a resident of this State. Respondent, Howard Anthony McGraw, deceased June 13, 1923. In 1918 he made a will in favor of his wife. The Supreme Court of Michigan having held that the decree of divorce revoked the will, she is seeking to vacate the decree in order that she may take under the will. The heirs at law of her former husband are named as respondents in this petition. One of them entered an appearance and contests the petition to vacate. The Attorney-General of Rhode Island was also made a party but he entered no appearance. The petition was heard and dis-

missed by the Superior Court on demurrer to the petition and on motion to dismiss, and the petitioner, being in doubt as to the proper procedure, appealed and also prosecuted a bill of exceptions to this court. The correct procedure was by appeal from the decree dismissing the petition. See *Ward* v. *Ward*, 48 R. I. 60.

The petitioner seeks to have the decree vacated on the ground that her attorney, while acting for her in procuring the divorce, committed without her knowledge, as she alleges, a fraud upon the court by producing perjured depositions to the effect that she was a domiciled inhabitant of this State and had resided therein for the period of two years next before the preferring of the petition for divorce. The petition for divorce which was signed and made oath to by the petitioner contained an allegation of neglect to provide and an allegation that the petitioner resided in the county of Providence in this State; that she "has been a domiciled inhabitant of said State and has resided therein for more than two years next before the preferring of this petition and is now a domiciled inhabitant of said State." Her deposition, containing an allegation to the same effect, bears her signature and purports to have been taken and made oath to before Robert W. Burbank, a standing master in chancery, who has since deceased. In the petition to vacate she alleges that when the petition was filed she was residing in the city of New York where she first met the attorney who represented her in the divorce proceedings; that he represented to her that he could obtain a divorce for her in Rhode Island and that it would be necessary for her to remain in Rhode Island only long enough to sign certain papers; that she came to Providence and signed papers which her said attorney presented for her signature but that she neither read nor had read to her the documents to which she then and there attached her signature. She alleges that she does not know one of the witnesses who testified by deposition in her behalf. The other witness whom she refers to as her friend who accompanied her from

New York to Providence, was Lloyd Bruce. The papers contain a document purporting to be a deposition signed and made oath to by him before said master in chancery. Said document purports to show that Bruce testified that the petitioner was living in the same house with him at 121 Chestnut street, Providence, Rhode Island, and that she had resided in Rhode Island continuously for the then past three years. She alleges that neither she nor said Bruce ever appeared before said master in chancery. She further alleges that she did not learn that fraud was practiced upon the court until the time of the will contest in Michigan.

In her petition to vacate the petitioner alleges that at the time of the divorce proceedings she was by profession an actress. It is hardly conceivable that she was so unsophisticated as not to know that it was necessary to show a residence of one of the parties within this State for some period in order to induce the court to accept jurisdiction and grant her petition for divorce. However, for the purpose of considering the demurrer and the motion to dismiss it is necessary to assume the truth of her allegations however improbable they may seem.

(2) Courts have frequently vacated decrees for divorce on motion of a defrauded party, or one against whom a decree of divorce has been entered by a court without jurisdiction, when the person seeking relief acts promptly after knowledge of the facts and was not guilty of collusion or in any other manner a party to the fraud which was practiced upon the court. In such cases relief has been granted even after the death of the party who perpetrated the fraud on the court—27 A. & E. Ann. Cases, 370—but the authorities are almost unanimous to the effect that one who has voluntarily invoked the jurisdiction of a court and obtained a decree of divorce will not be heard, especially after the decease of the innocent party, to question the jurisdiction of the court. *Starbuck* v. *Starbuck*, 173 N. Y. 503; *Ellis* v. *White*, 61 Ia. 644; *Matter of Morrison*, 52 Hun. 102; *Milti-*

*more* v. *Miltimore,* 40 Pa. St. 151; *Matter of Swales,* 60 App. Div. 599, affirmed in 172 N. Y. 651; *Ferry* v. *Ferry,* 9 Wash. 239; *Simons* v. *Simons,* 47 Mich. 253; *Bledsoe* v. *Seaman,* 77 Kan. 679; *Swaizie* v. *Swaizie,* 31 Ont. 324; *Kaufman* v. *Kaufman,* 163 N. Y. Supp. 566; *Felberbaum* v. *Felberbaum,* 150 N. Y. Supp. 907; 19 C. J. 172, 378.

In a number of cases courts in denying relief to the successful party have held that such party was estopped to question the jurisdiction of the court, although it did not appear that the innocent party had acted in reliance upon the decree and would be prejudiced if the decree should be set aside. The heirs of the innocent party have been permitted to set up the invalid decree of divorce as a bar to the successful party's claim to property rights. *Dawson* v. *Mays,* 159 Ark. 331; 60 L. R. A. 294; *Matter of Morrison, supra;* 19 C. J. 172, 378. In the case before us, we think that the ordinary rule of estoppel might also be applied as it is hardly conceivable that the husband would have failed to revoke his will if he had not relied upon the decree of divorce and believed that the divorce revoked the provisions of the will making his wife the chief beneficiary. No suggestion is made that the husband was not entirely innocent of fraud. The petitioner suggests that she also was innocent, but she commenced the divorce proceedings; she employed an attorney to obtain a decree of divorce upon which the husband relied, and, furthermore, she can not be said to be entirely innocent. If her allegations are true she either signed blank papers with knowledge that language would be written above her signature, and that she was in effect subscribing to whatever might later be written above her signature, or she signed a deposition alleging residence, etc., without reading or having the contents read to her. The allegations in the divorce petition as to residence in this State were a part of the printed form of the petition which she signed. Nothing prevented her from reading the petition. She does not allege that the contents were misrepresented to her. Without either fraud or gross negligence on her part the decree could not have been obtained.

It is urged that public policy requires that a decree of divorce entered without jurisdiction should be vacated. **(3)** The argument would have much force if both parties were living. For the protection of society the State is interested in the regularity of divorce proceedings. The present Attorney-General has intervened in several cases when he suspected that a fraud had been, or was about to be, practiced upon the court. In the case before us the marriage tie has been dissolved by death if not by divorce. The marriage status can not be restored. No domestic complications can now arise, and the State has no interest in the question whether the petitioner is a widow or a divorcee.

No question as to rights to property within the State is involved. Some courts in denying relief have based their decisions upon such grounds. *Moyer* v. *Koontz*, 103 Wis. 22.

The appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Charles H. Eden, Sayles Gorham, Frederic T. Harward*, of Michigan Bar, for petitioner.

*Alexander L. Churchill, Wilson, Churchill & Curtis, Dohany & Dohany*, of Detroit, for respondent, Elizabeth J. Convery.