■ WILLIAM L. BUCHWALD, Appellant, v JAY F. WALDRON, Respondent.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Dier, J.), entered May 10, 1990 in Warren County, upon a decision of the court in favor of plaintiff.

In this action based on negligence and breach of contract, plaintiff, a knowledgeable real estate salesperson, seeks damages from defendant, a general contractor, because the latter allegedly performed painting and finishing work on plaintiff's home in a negligent and unskillful manner and failed to hire and supervise qualified people to do the work. At trial, plaintiff's expert testified that the cost to correct the purportedly defective work would be $11,900. Defendant maintained that the job was competently performed and in accordance with the parties' agreement, that upon its completion plaintiff was fully satisfied and paid the sum due of $3,150 without complaint, and that it was not until nearly 1½ years later that plaintiff found fault with defendant's work.

Upon conclusion of the trial, Supreme Court found that plaintiff had failed to establish his negligence claim but had proved that the contract was breached, and awarded plaintiff damages of $300. How this amount was arrived at was not explained. On appeal, plaintiff contended that the award was unreasonable and bore no relationship to the damages proved and therefore should be modified to conform with the proof. We withheld decision (174 AD2d 895) and remitted the matter to Supreme Court for a detailed finding as to how it arrived at

its calculation of damages *(see,* CPLR 4213 [b]; *Novak & Co. v Facilities Dev. Corp.,* 109 AD2d 1013, 1014). That finding now being before this court, we reach the merits.

Based upon its assessment of the evidence and testimony presented at trial, Supreme Court specifically found, *inter alia,* that plaintiff established that defendant had performed some of the work in an unskillful manner and therefore was in partial breach of the contract. The court concluded that plaintiff was entitled to $300, "the nominal amount of damages proven by plaintiff's expert in light of all the testimony". It is axiomatic that Supreme Court, having viewed the witnesses' demeanor, is best able to determine witness credibility. It is noteworthy in this regard that the record provides justification for Supreme Court's opinion, rendered immediately upon the conclusion of the trial, that for the most part the testimony offered "on both sides * * * is incredible".

While it is not at all clear that in labeling the damages awarded as "nominal" Supreme Court intended to grant "nominal damages", i.e., "formal damages as distinguished from real or substantial ones" *(Berney v Adriance,* 157 App Div 628, 632), in view of the court's finding, borne out by the record, that defendant had partially breached the contract and the inadequacy of plaintiff's proof regarding the amount of damages required to compensate him for such partial breach, only nominal damages are recoverable *(see, Freund v Washington Sq. Press,* 34 NY2d 379, 383-384; 36 NY Jur 2d, Damages, § 6, at 17-18). Although nominal damages are usually awarded in a lesser amount, namely, 6 cents or $1 *(Berney v Adriance, supra),* inasmuch as defendant does not challenge the amount awarded, we will let it stand.

Mikoll, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.