■ PETER GISONDI et al., Respondents, v NYACK MEWS CONDOMINIUM, Appellant. [673 NYS2d 743] —In an action for a judgment declaring the rights of the parties pursuant to easement agreements, the defendant appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated January 14, 1997, as granted the plaintiffs' motion for summary judgment, and denied that branch of its cross motion which sought to enjoin the plaintiffs from using a common parking area created by the easement agreements, and (2) from a judgment of the same court, dated February 27, 1997, which declared that the plaintiffs and their tenants, licensees, invitees, and employees shall have unobstructed and unhindered access to the common parking area.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the Supreme Court properly concluded that the plaintiffs and their invitees are entitled to unobstructed access to the parties' common parking area. Here, the subject parking easement agreements, which are controlling (*see, Collins v Arancio*, 72 AD2d 759), clearly grant the plaintiffs and their invitees the right to use certain unreserved spaces in the common parking area. Although it is well established that the owner of a servient estate has the right to use its land in any manner that does not unreasonably interfere with the rights of the owners of an easement (*see, Wilson v Palmer*, 229 AD2d 647; *Briggs v Di Donna*, 176 AD2d 1105; *Wechsler v People*, 147 AD2d 755), the defendant's proposal to erect a gate which would enable only those with access cards to enter the common parking area would unreasonably interfere with the plaintiffs' right to use and enjoyment of their easement and be inconsistent with its purpose (*see, Briggs v Di Donna, supra*).

The defendant's remaining contention is without merit. Rosenblatt, J. P., Ritter, Altman and Krausman, JJ., concur.