■ B.J. 96 Corporation, Respondent, v John Mester et al., Appellants. [692 NYS2d 185] —Spain, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered September 17, 1998 in Sullivan County, which partially granted plaintiff's motion to enforce a prior court order.

Plaintiff moved to enforce a prior judgment in this action in its favor enjoining defendants from interfering with plaintiff's use of Stewart Avenue which provides access from County Highway No. 141 to White Lake in the Town of Bethel, Sullivan County. By decision dated May 18, 1994 and judgment signed July 20, 1994, Supreme Court (Williams, J.) granted plaintiff summary judgment, concluding that plaintiff had an implied easement by grant over Stewart Avenue, and permanently enjoined defendants from interfering with plaintiff's right of access over Stewart Avenue to the County highway and from "maintaining a fence across Stewart Avenue and preventing plaintiff from such use". The judgment further ordered defendants "to remove the existing chain link fence so far as it crosses Stewart Avenue and obstructs plaintiff's right of access to County Highway #141". This Court affirmed (222 AD2d 798).

Plaintiff thereafter brought this motion sub judice to compel defendants to remove the chain link fence blocking plaintiff's access to Stewart Avenue, as directed by Supreme Court and affirmed by this Court, alleging that the fence was never removed; defendants in turn contend that they removed the fence which was the subject of the prior affirmed judgment but that they replaced it with an unlocked chain link gate erected across Stewart Avenue. Defendants contend that plaintiff may still access Stewart Avenue, and that the gate was erected to block access by unauthorized entrants seeking passage to the

nearby Lake. Plaintiff argues in reply that the new gate is part of the fence and, indeed, an examination of the photographs in evidence reveals that the gate blocking Stewart Avenue is connected to a chain link fence. The parties also submitted conflicting affidavits on the issue of whether this gate has ever been padlocked.

Supreme Court (Ferradino, J.) agreed with plaintiff that the gate erected by defendants likewise interferes with its right of access over Stewart Avenue in contravention of the prior judgment, and directed defendants to remove the gate.* Defendants now appeal.

We affirm. While we reject plaintiff's contention that defendants do not have a right to appeal from Supreme Court's subsequent enforcement order, we agree with the court's sound determination that defendants' gate interferes with plaintiff's right of access in violation of the prior judgment in this action. Indeed, since the court below determined on plaintiff's motion that defendants must remove the gate on their property, defendants' property rights were affected and they are entitled to appeal from this order as of right (*see*, CPLR 5701 [a] [2] [v]).

Regardless of whether this gate is ever padlocked, and even accepting defendants' contentions that they had removed part or all of the original fence and replaced it with this gate, this Court is in complete agreement with plaintiff that the gate wrongfully interferes with its right of access over Stewart Avenue and must be removed immediately. The prior judgment not only directed defendants to remove the existing fence, but also permanently enjoined and restrained defendants (1) "from interfering with plaintiff's right of access over Stewart Avenue to County Highway #141"; (2) "from maintaining a fence across Stewart Avenue"; and (3) otherwise "preventing plaintiff from such use". Indeed, servient landowners such as defendants may not use their land in a manner inconsistent with the dominant landowner's easement or so as to interfere with the normal use of the easement (*see*, *Herman v Roberts*, 119 NY 37, 43, quoted in *Serbalik v Gray*, 240 AD2d 999, 1000; *see also*, 5 Warren's Weed, New York Real Property, Easements, § 17.01 [4th ed]). By any interpretation, defendants gate clearly and unreasonably interferes with and obstructs plaintiff's

---

* The remainder of plaintiff's motion—for counsel fees, sanctions and costs—was denied without prejudice to renew in the event defendants failed to comply with the court's directive within 20 days of service upon them of the decision and order with notice of entry. Plaintiff did not cross-appeal from that part of the order.

normal use of its easement and impedes its pedestrian and vehicular access to Stewart Avenue, and cannot be permitted (*see, id.*; *see also, Lewis v Young*, 92 NY2d 443, 449; *Missionary Socy. of Salesian Congregation v Evrotas*, 256 NY 86, 90; *Wilson v Palmer*, 229 AD2d 647; *cf., Grafton v Moir*, 130 NY 465, 471).

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.