■ JOHN ROZEK et al., Respondents, v VIGO J. KUPLINS et al., Appellants. [698 NYS2d 866] —In an action, *inter alia,* to permanently enjoin the defendants from interfering with the right of the plaintiffs to unimpeded access across an express right-of-way and for a judgment declaring the validity of the

right-of-way, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 29, 1998, which, *inter alia,* granted those branches of the plaintiffs' motion which were for partial summary judgment declaring the validity of the right-of-way and for a permanent injunction enjoining the defendants from obstructing or otherwise interfering with passage over the right-of-way, and (2) a judgment of the same court dated August 19, 1998, which declared the validity of the right-of-way, described by its metes and bounds, and permanently enjoined the defendants from obstructing or otherwise interfering with the plaintiffs' passage over the right-of-way.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal of the judgment (*see,* CPLR 5501 [a] [1]).

"[T]he extent of an easement claimed is to be determined by the language of the grant" (*Ledley v D.J. & N.A. Mgt.,* 228 AD2d 482; *see, Phillips v Jacobsen,* 117 AD2d 785, 786). "[T]he terms of the grant are to be construed most strongly against the grantor in ascertaining the extent of the easement" (*Ledley v D.J. & N.A. Mgt., supra,* at 482; *see, Phillips v Jacobsen, supra,* at 786).

The plaintiffs were granted an easement in general terms, with no limitations, which described the right-of-way over a private road by its metes and bounds. We agree with the trial court's determination that the plaintiffs were granted a right-of-way over the entire 66-foot width of the private road (*cf., Fairfield Props. v Pepe,* 56 AD2d 883). The Supreme Court also properly directed the defendants to remove a fence from the strip contiguous to the plaintiffs' front yard (*see, Minogue v Kaufman,* 124 AD2d 791), a gate placed across the private road (*see, B.J. 96 Corp. v Mester,* 262 AD2d 732), as well as other debris which impeded the plaintiffs' access to the right-of-way. Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.