■ Chester LeBaron, Appellant, v DPL & B, LLC, Respondent, et al., Defendant. [826 NYS2d 627]—

In an action, inter alia, to recover damages for breach of a reciprocal cross-easement agreement, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered May 20, 2005, which, upon a decision of the same court dated April 1, 2005, made after a nonjury trial, inter alia, dismissed the complaint insofar as asserted against the defendant DPL & B, LLC, and is in favor of that defendant in the principal sum of $2,979.66 on its counterclaims to recover damages for breach of the reciprocal cross-easement agreement.

Ordered that the judgment is affirmed, with costs.

In 1982, the plaintiff, Chester LeBaron, purchased property at 40 Park Place in Goshen, which was improved by a building known as the Goshen Inn. Shortly before LeBaron's purchase, the owners of 40 Park Place and the adjacent property, 42 Park Place, had entered into a reciprocal cross-easement agreement for shared use of the driveways and parking areas. At the time of the agreement, 42 Park Place had six parking spaces.

In 1999, the defendant DPL & B, LLC (hereinafter DPL & B), purchased 42 Park Place to construct a building. After Planning Board and Zoning Board of Appeals proceedings, the site plan was approved provided that DPL & B, inter alia, place several landscaped areas and curbs within the parking lot.

When construction began, LeBaron commenced the instant action, alleging that he had lost parking spaces in the new lot because of the layout, curbing, and landscaping. After a nonjury trial, the Supreme Court, inter alia, dismissed the complaint insofar as asserted against DPL & B.

LeBaron's claims are not barred by the doctrine of collateral estoppel, as they could not have been raised in a prior proceeding pursuant to CPLR article 78 challenging either the grant of two variances to DPL & B or the approval of the site plan (see Welsh v Okolie, 22 AD3d 572 [2005]).

However, the owner of a servient estate has the right to use its land in any manner that does not unreasonably interfere with the rights of the owners of an easement (see Gisondi v Nyack Mews Condominium, 251 AD2d 371, 372 [1998]; Green v Mann, 237 AD2d 566, 567-568 [1997]). The new parking lot does not substantially interfere with LeBaron's reasonable use and enjoyment of the easement (see Wilson v Palmer, 229 AD2d 647 [1996]). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against DPL & B.

LeBaron's remaining contentions are without merit. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.