**43** VERA TROLF, Respondent, v GREGORY SOFIELD et al., Defendants and Third-Party Plaintiffs-Appellants. EDWARD MICHAEL LESLIE et al., Third-Party Defendants; WILLIAM PATTI et al., Third-Party Defendants-Respondents. [835 NYS2d 721]—

In an action pursuant to article 15 of the Real Property Actions and Proceedings Law, inter alia, for a judgment declaring that the defendants third-party plaintiffs may not obstruct or interfere with the plaintiff's right-of-way over their property by erecting a gate on that property, and to permanently enjoin them from maintaining a gate on their property, the defendants third-party plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Alpert, J.), dated April 24, 2006, which, among other things, granted those branches of the plaintiff's cross motion which were for summary judgment on the first and second causes of action, and granted the cross motion of the third-party defendants William Patti, Netti Patti, Gregory J. Quinn, Jr., Thomas Mercante, and Catherine Rita Gillam, for summary judgment dismissing the third-party complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the first and second causes of action by presenting evidence that the gate constructed by the defendants third-party plaintiffs, and any gates that they might construct across Water Street, would unreasonably interfere with her right to use her easement over Water Street (*see Gisondi v Nyack Mews Condominium*, 251 AD2d 371, 372 [1998]; *Green v Mann*, 237 AD2d 566, 567-568 [1997]). The third-party defendants William Patti, Netti Patti, Gregory J. Quinn, Jr., Thomas Mercante, and Catherine Rita Gillam also established their prima facie entitlement to judgment as a mat-

ter of law dismissing the third-party complaint insofar as asserted against them by similarly presenting evidence that the gate constructed by the defendants third-party plaintiffs, and any gates that they might construct across Water Street, also unreasonably interfered with their right to use their similar easements over the defendants third-party plaintiffs' property (*see Gisondi v Nyack Mews Condominium, supra* at 372; *Green v Mann, supra* at 567-568). In opposition, the defendants third-party plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Accordingly, the court properly granted those branches of the plaintiff's cross motion which were for summary judgment on the first and second causes of action and granted the cross motion of the third-party defendants William Patti, Netti Patti, Gregory J. Quinn, Jr., Thomas Mercante, and Catherine Rita Gillam for summary judgment dismissing the third-party complaint insofar as asserted against them. Mastro, J.P., Santucci, Florio and Dickerson, JJ., concur.