■ J.C. TARR, Q.P.R.T., Appellant-Respondent, v ELLIN DELSENER, Respondent-Appellant, et al., Defendant. [895 NYS2d 168]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 3, 2004, as granted those branches of the motion of the defendant Ellin Delsener which were for summary judgment dismissing so much of the complaint as sought certain injunctive relief and damages based on obstructions on, in, and along a 10-foot-wide right-of-way running across the property of that defendant and, in effect, declaring that an express easement that was established along the 10-foot-wide right-of-way pursuant to a deed dated April 22, 1955, benefits only that portion of its real property that was formerly designated as tax lot 16, that no easement was created by prescription over the 10-foot-wide right-of-way benefitting those portions of its property other than the portion formerly designated as tax lot 16, that the express easement does not extend an additional two feet on either side of the 10-foot-wide right-of-way, that it does not have the right to use the easement for vehicular traffic or for ingress to and egress from a public thoroughfare known as Middle Lane, that the defendant Ellin Delsener has the right to maintain obstacles on, in, and along the easement which may interfere with its usage of the easement, including a wooden split rail fence and speed bumps installed by that defendant, that it does not have the right to use the easement in the same manner and to the same extent that it did before the defendant Ellin

Delsener erected the wooden split rail fence, that the terms of the easement are not binding upon that defendant, and that the defendant Ellin Delsener is entitled to maintain a fence immediately outside the perimeter of the easement, and, sua sponte, directed the dismissal, as academic, of the complaint insofar as asserted against the defendant Berkley Bowen, and the defendant Ellin Delsener cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was for summary judgment on her first and third counterclaims and for certain injunctive relief.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal, as academic, of the complaint insofar as asserted against the defendant Berkley Bowen is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant Ellin Delsener which were for summary judgment dismissing so much of the complaint as sought injunctive relief and damages based on any fencing or speed bumps erected within the 10-foot-wide easement running across the property of that defendant, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provisions thereof granting those branches of the motion of the defendant Ellin Delsener which were for summary judgment, in effect, declaring that the express easement that was established along the 10-foot-wide right-of-way pursuant to a deed dated April 22, 1955, benefits only that portion of the plaintiff's real property that was formerly designated as tax lot 16, that no easement was created by prescription over the 10-foot-wide right-of-way benefitting those portions of the plaintiff's property other than the portion formerly designated as tax lot 16, that the plaintiff does not have the right to use the easement for vehicular traffic or for ingress to and egress from Middle Lane, that the defendant Ellin Delsener has the right to maintain obstacles on, in, or along the easement that may interfere with the plaintiff's usage of the easement, including the wooden split rail fence and speed bumps installed by that defendant, that the plaintiff does not have the right to use the easement in the same manner and to the same extent that it did before the defendant Ellin Delsener erected the wooden split rail fence, and that the terms of the easement are not binding upon that defendant, and substituting therefor provisions denying those branches of the motion, and (3) by deleting the provision thereof which, sua sponte, directed

the dismissal, as academic, of the complaint insofar as asserted against the defendant Berkley Bowen; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings and the entry thereafter of a judgment, inter alia, declaring that the defendant Ellin Delsener is entitled to maintain a fence immediately outside the perimeter of the 10-foot-wide easement and that the express easement established pursuant to the deed dated April 22, 1955, does not extend an additional 2 feet on either side of the deeded 10-foot-wide right-of-way.

The plaintiff owns real property benefitted by an easement, created by a grant contained in a deed dated April 22, 1955 (hereinafter the deed), which provides ingress to and egress from its property via a public thoroughfare known as Middle Lane in the Village of East Hampton. The easement is described in the deed as a "perpetual right-of-way," allowing passage "along a private roadway 10 feet wide." Consequently, a 10-foot-wide easement runs through property owned by the defendant Ellin Delsener. Pursuant to a separate deed, a 10-foot-wide easement also runs through adjacent property formerly owned by the defendant Berkley Bowen. In September 2000 the plaintiff began construction of a pool house and swimming pool on the southern portion of its property. During construction, large commercial trucks and other vehicles, rather than following the deeded right-of-way, traversed the northwestern corner of Delsener's parcel of property and proceeded straight toward the southern portion of the plaintiff's parcel of property. In September 2001 Delsener installed a wooden split rail fence that roughly followed the metes and bounds description of the deeded right-of-way, blocking the straight roadway created by the construction vehicles. Delsener also installed speed bumps within the deeded right-of-way.

The plaintiff subsequently commenced this action alleging, inter alia, that it is the owner of real property benefitted by a prescriptive easement, which provides it with an additional two feet of land on either side of the deeded 10-foot right-of-way. The plaintiff additionally sought a judgment declaring, among other things, that Delsener did not have the right to maintain obstacles on, in, or along the deeded right-of-way which interfered in its use of the easement, including the split rail fence and speed bumps, and, in effect, that the 10-foot-wide right-of-way provided an easement that benefitted not only that portion of its property formerly designated as tax lot 16 (hereinafter Lot 16), but also, either expressly or by prescription,

benefitted the remainder of its property as well. The plaintiff also demanded certain injunctive relief and damages. Delsener counterclaimed, inter alia, for a judgment declaring that the plaintiff was entitled to use the subject easement only for ingress to and egress from Lot 16, and for an injunction barring the plaintiff from using the easement for the benefit of any other portion of its property. On a prior appeal, we determined, among other things, that the defendants were entitled to summary judgment with respect to those portions of the complaint which alleged that the plaintiff had a prescriptive easement consisting of an additional two feet of land on either side of the deeded right-of-way, and remitted the matter for entry of a judgment declaring that the plaintiff did not have such a prescriptive easement (*see J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d 548 [2005]).

Following the determination of the prior appeal, and after further discovery was conducted, Delsener moved for summary judgment dismissing the causes of action to recover damages and for injunctive relief insofar as asserted against her, on her first and third counterclaims, and, in effect, declaring, among other things, that the plaintiff is not entitled to the declaratory relief it seeks and that she is entitled to obstruct the easement in the manner described above. The Supreme Court granted Delsener's motion for summary judgment except for those branches of her motion which were for summary judgment on her first and third counterclaims, which it denied.

In light of our determination on the prior appeal, the Supreme Court correctly granted that branch of Delsener's motion which was for summary judgment, in effect, declaring that the express easement created by the deed does not extend an additional two feet on either side of 10-foot wide right-of-way. Further, the Supreme Court properly granted that branch of Delsener's motion which was, in effect, for summary judgment declaring that she is entitled to maintain a fence immediately outside of the perimeter of the subject easement. As the owner of property burdened by an express easement for ingress and egress, Delsener is entitled to install fencing along the deeded right-of-way so long as such fencing does not impair the right of passage of the owner of the benefitted property (*see Lewis v Young*, 92 NY2d 443, 449 [1998]; *Guzzone v Brandariz*, 57 AD3d 481, 482 [2008]; *Mastrangelo v Avello*, 305 AD2d 557, 558 [2003]). Here, the deed creating the subject easement expressly grants the plaintiff a specifically defined right-of-way which is 10-feet wide and no wider and, thus, Delsener is permitted to fence off this right-of-way, provided that her fencing does not narrow the right-of-way to a width of less than 10 feet at any point.

However, Delsener failed to make a prima facie showing that she is entitled to judgment as a matter of law dismissing the portions of the complaint insofar as asserted against her which seek injunctive relief and damages based upon the installation of speed bumps and any fencing which may have been installed within the deeded right-of-way, and, in effect, declaring that the plaintiff does not have the right to use the easement for vehicular traffic and for ingress to and egress from Middle Lane, that Delsener has the right to maintain obstacles on, in, or along the easement that may interfere with the plaintiff's use of the easement, including the split rail fence and speed bumps she installed, that the plaintiff does not have the right to use the easement in the same manner and to the same extent that it did prior to the erection of the split rail fence, and that the terms of the easement are not binding upon Delsener (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Delsener's own evidentiary submissions reveal the existence of triable issues of fact relating, inter alia, to whether the split-rail fence she installed narrows the width of the right-of-way to less than 10 feet, and whether the fencing and the speed bumps she installed have unlawfully interfered with the plaintiff's right to utilize the easement. In view of Delsener's failure to meet her prima facie burden, the sufficiency of the plaintiff's opposing papers need not be considered (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Moreover, and contrary to Delsener's contention, our additional determination on the prior appeal that the plaintiff failed to establish, as a matter of law, that the split rail fence impaired its use and enjoyment of the right-of-way (*see J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d at 551) does not constitute the law of the case entitling her to judgment as a matter of law dismissing the portions of the complaint which seek relief predicated upon the erection of the fence (*see Meekins v Town of Riverhead*, 20 AD3d 399, 400 [2005]; *Strouse v United Parcel Serv.*, 277 AD2d 993, 994 [2000]; *Medric Constr. v J.W. Mays, Inc.*, 230 AD2d 832, 833 [1996]).

Delsener also failed to make a prima facie showing that she is entitled to judgment as a matter of law on her first and third counterclaims declaring that the plaintiff is entitled to use the subject easement only for ingress to and egress from Lot 16, and permanently enjoining the plaintiff from using the easement for the benefit of any other portion of its property. Delsener's evidentiary submissions were insufficient to establish, as a matter of law, that the easement, as created by the deed, was intended to benefit only Lot 16, rather than the

plaintiff's property as a whole, or that a prescriptive easement over the 10-foot-wide right-of-way was not created benefitting those portions of its property other than Lot 16 (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]; *see also Board of Mgrs. of Bayside Plaza Condominium v Mittman*, 50 AD3d 718, 719 [2008]).

Finally, it was improper for the Supreme Court, sua sponte, to direct the dismissal, as academic, of the complaint insofar as asserted against Bowen based solely upon the fact that he sold his property, which is also burdened by the subject easement, after the commencement of this action. The complaint has not been rendered academic insofar as asserted against Bowen since it seeks damages based upon Bowen's alleged past interference with the deeded right-of-way. In any event, CPLR 1018 provides that "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Since the Supreme Court did not direct that the new owners of Bowen's former property must be joined or substituted in the action, Bowen remains a proper party (*see Khanal v Sheldon*, 55 AD3d 684, 686 [2008]; *Buywise Holding, LLC v Harris*, 31 AD3d 681, 682 [2006]; *Froehlich v Town of Huntington*, 159 AD2d 606, 607 [1990]). We note that, inasmuch as the complaint seeks damages against Bowen personally, joinder of the new owners rather than substitution would be appropriate.

The parties' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for further proceedings, and the entry thereafter of a judgment, inter alia, declaring that Delsener is entitled to maintain a fence immediately outside the perimeter of the 10-foot-wide easement running across her property, and that the easement established by the deed does not extend an additional two feet on either side of the deeded right-of-way (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Covello, J.P., Santucci, Miller and Eng, JJ., concur. **[Prior Case History: 2004 NY Slip Op 30117(U).]**