■ LOUIS T. SCAPPA, Respondent, v MILTON HERZIG et al., Appellants. [938 NYS2d 346]—

The plaintiff has a garage towards the rear of his property which can only be accessed by a vehicle by using a driveway which encroaches approximately three feet onto the defendants' property. The plaintiff commenced this action, inter alia, for a judgment declaring that he has an easement over the defendants' property for purposes of ingress and egress. The plaintiff alleges that in or around October 2005, the defendants removed an existing wooden fence on their property and replaced it with a vinyl fence which partially interfered with the plaintiff's use of the driveway by impairing his ability to access his garage. Af-

ter a nonjury trial, judgment was entered in favor of the plaintiff. The defendants appeal, and we affirm.

The defendants conceded at trial that the plaintiff had an easement for purposes of ingress and egress, and cannot now be heard to argue that the plaintiff failed to establish his entitlement to an easement. The defendants offered no evidence to rebut the legal description of the easement prepared by a licensed surveyor and offered into evidence by the plaintiff. Moreover, the legal description offered by the plaintiff corresponded with the defendants' description of the easement given during their testimony at trial. Accordingly, the Supreme Court properly adopted the legal description of the easement offered by the plaintiff.

Although the owner of a servient estate has the right to use its land in any manner that does not unreasonably interfere with the rights of the owners of an easement (see J.C. Tarr, Q.P.R.T. v Delsener, 70 AD3d 774, 777 [2010]; LeBaron v DPL & B, LLC, 35 AD3d 391 [2006]; Gisondi v Nyack Mews Condominium, 251 AD2d 371 [1998]), here, the evidence credited by the Supreme Court demonstrated that the defendants' fence interfered with the plaintiff's use of the easement (see Rozek v Kuplins, 266 AD2d 445 [1999]; B.J. 96 Corp. v Mester, 262 AD2d 732, 733-734 [1999]; Gisondi v Nyack Mews Condominium, 251 AD2d 371 [1998]). Accordingly, the Supreme Court properly enjoined the defendants from interfering with the easement and directed that they remove their fence. Dillon, J.P., Florio, Chambers and Roman, JJ., concur.