■ Desmond McWeeney, Respondent, et al., Plaintiff, v Michael Lambe, Defendant, and Mohammad Farooq, Appellant. [30 NYS3d 189]—

In an action, inter alia, to recover damages for trespass and nuisance, the defendant Mohammad Farooq appeals from a judgment of the Supreme Court, Queens County (Dufficy, J.), entered April 21, 2014, which, upon a decision dated March 7, 2014, made after a nonjury trial, is in favor of the plaintiff Desmond McWeeney and against him, awarding nominal damages in the principal sum of $7,000 and punitive damages in the principal sum of $25,000.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding nominal damages in favor of the plaintiff Desmond McWeeney and against the defendant Mohammad Farooq in the principal sum of $7,000, and substituting therefor a provision awarding nominal damages in favor of that plaintiff and against that defendant in the principal sum of $1; as so modified, the judgment is affirmed, with costs to the plaintiff Desmond McWeeney.

The evidence credited by the Supreme Court demonstrated that the appellant's wall was a nuisance which interfered with the use of the common driveway easement by the plaintiff Desmond McWeeney (hereinafter the plaintiff) (*see Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 101 AD3d 853, 854 [2012]; *Scappa v Herzig*, 92 AD3d 751 [2012]; *Rozek v Kuplins*, 266 AD2d 445 [1999]; *B.J. 96 Corp. v Mester*, 262 AD2d 732, 733-734 [1999]; *Gisondi v Nyack Mews Condominium*, 251 AD2d 371 [1998]). However, having concluded that the plaintiff failed to establish actual damages, the Supreme Court erred in awarding nominal damages in the principal sum of $7,000 in favor of the plaintiff and against the appellant. "Nominal damages are defined as a trifling sum awarded to a plaintiff in an action where there is no substantial loss or injury to be compensated, but still the law recognizes a technical invasion of his [or her] rights or a breach of the defendant's duty. These are formal damages as distinguished

from real or substantial ones. Awards of six cents or $1 represent nominal damages" (*Berney v Adriance*, 157 App Div 628, 631-632 [1913] [internal quotation marks omitted]; *see Buchwald v Waldron*, 183 AD2d 1080, 1081 [1992]). Here, because the award of nominal damages in the principal sum of $7,000 was improper, we reduce that award to the principal sum of $1.

Contrary to the appellant's further contention, under the circumstances of this case, the Supreme Court properly awarded punitive damages in the principal sum of $25,000 in favor of the plaintiff and against him (*see Ligo v Gerould*, 244 AD2d 852 [1997]). Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.