Hoffman v Babad (2020 NY Slip Op 05813)





Hoffman v Babad


2020 NY Slip Op 05813


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 150176/16 Appeal No. 12072 Case No. 2019-4747 

[*1]Evan Kirk Hoffman, Individually and as the Trustee of the Marvin Hoffman Family Trust, Joanne Hoffman Beechko, et al., Plaintiffs-Respondents,
v
Chaim Babad, Defendant-Appellant.


Richard L. Yellen & Associates, LLP, New York (Brendan C. Kombol of counsel), for appellant.
Belkin, Burden, Goldman, LLP, New York (William E. Baney of counsel), for respondents.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered May 1, 2019, after a nonjury trial, awarding plaintiffs compensatory and punitive damages for conversion and trespass to chattel, unanimously affirmed, with costs.
There is no dispute that plaintiffs owned the deck at the back of their coop unit and that defendant took dominion over it and destroyed it, in derogation of plaintiffs' rights. Therefore, the record supports the trial court's finding that defendant is liable for conversion (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). The unrefuted evidence shows that, without plaintiffs' consent, defendant destroyed their deck, razing it to the ground; thus, the record supports the finding of liability for trespass to chattel (see Sporn v MCA Records, 58 NY2d 482, 487-488 [1983]).
The court properly awarded compensatory damages for conversion and trespass to chattel based upon expert testimony as to the value of the unit at the time of the conversion and the diminution in the value after removal of the deck, respectively (see Matter of Rothko, 56 AD2d 499, 503 [1st Dept 1977], affd 43 NY2d 305 [1977]; Salesian Socy. Inc. v Village of Ellenville, 121 AD2d 823, 825 [3d Dept 1986]).
In this unique case, the record supports the court's finding that, in intentionally demolishing plaintiffs' deck, without coop board approval, building permits or insurance, and leaving a hazardous condition in his wake, defendant acted with malice and willful or reckless disregard of plaintiffs' rights, warranting punitive damages (see Nardelli v Stamberg, 44 NY 2d 500, 503 [1978]); Giblin v Murphy, 73 NY2d 769, 772 [1988]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020