Venables v Rovegno (2021 NY Slip Op 03862)





Venables v Rovegno


2021 NY Slip Op 03862


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-10006
 (Index No. 24178/14)

[*1]Deidre S. Venables, et al., respondents,
v
Maria E. Rovegno, appellant.


Farrell Fritz, P.C., Water Mill, NY (Robert B. Taylor and Eric Bregman of counsel), for appellant.
Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to permanently enjoin the defendant from interfering with an easement over certain real property, the defendant appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated July 25, 2017. The order, insofar as appealed from, granted those branches of the plaintiffs' cross motion which were for summary judgment on the first cause of action and pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action alleging adverse possession on behalf of certain plaintiffs, and denied the defendant's motion pursuant to CPLR 3103 for a protective order with respect to a discovery demand dated August 3, 2015.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 1987, the defendant and others acquired title to real property located at 60 Middle Pond Road, in Southampton (hereinafter the subject property), a flagpole lot which is adjacent to Middle Pond. Thereafter, in 1996, the defendant became the sole owner of the subject property. The deed to the subject property contains a 20-foot right-of-way from Middle Pond Road to Middle Pond described by certain metes and bounds.
The plaintiffs Deirdre S. Venables and Marianne M. Farrell are the owners of 62 Middle Pond Road. The plaintiff Edith Greenlaw is the owner of 64 Middle Pond Road. The deeds to these properties include an express right-of-way for ingress and egress to their properties described by the exact metes and bounds of the easement. The easement is the only means by which these plaintiffs can access their properties from Middle Pond Road. The deed to the property owned by Greenlaw provides that she was granted access to the beach area below the easement "for beach and bathing purposes."
The plaintiffs David Mambrino and Tara Hakimi Mambrino own 58 Middle Pond Road, which is a neighboring property situated on Middle Pond Road. The plaintiff John G. Himmer is the owner of 63 Middle Pond Road, which is located across the street from the easement on the north side of Middle Pond Road. The prior deeds to these properties grant a 20-foot right-of-way described by the exact metes and bounds of the easement over the subject property to Middle Pond. [*2]Thereafter, the deed to the property owned by the Mambrinos grants that property, "all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the . . . premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises." The deed to the property owned by Himmer contains similar language.
In 2014, the plaintiffs commenced this action against the defendant seeking, inter alia, injunctive relief. As the first cause of action, the plaintiffs sought an injunction enjoining the defendant from interfering with their use of the easement over the subject property. In the complaint, the plaintiffs alleged that the defendant obstructed their access to the easement by planting various shrubs, trees, and privet hedges, and installing cobblestone in concrete and a fence within the easement narrowing the right-of-way. In her answer, in addition to denying the material allegations of the complaint, the defendant asserted various counterclaims seeking, among other things, the removal of certain encroachments from the subject property and damages for trespass.
After the plaintiffs moved for a preliminary injunction, the defendant cross-moved for summary judgment on her counterclaims. Thereafter, the plaintiffs cross-moved, among other things, for summary judgment on the first cause of action and to amend the complaint to add causes of action alleging adverse possession on behalf of certain plaintiffs. In a separate motion, the defendant moved pursuant to CPLR 3103 for a protective order with respect to a discovery demand dated August 3, 2015.
In an order dated July 25, 2017, the Supreme Court, among other things, granted those branches of the plaintiffs' cross motion which were for summary judgment on the first cause of action and pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action alleging adverse possession on behalf of certain plaintiffs, and denied the defendant's motion pursuant to CPLR 3103 for a protective order. The defendant appeals.
"Express easements are construed 'to give effect to the parties' intent, as manifested by the language of the grant'" (Mitkowski v Marceda, 133 AD3d 574, 575, quoting Dowd v Ahr, 78 NY2d 469, 473; see Hoffman v Delbau, 139 AD3d 803, 804). "[T]he terms of the grant are to be construed most strongly against the grantor in ascertaining the extent of the easement" (Ledley v D.J. & N.A. Mgt., 228 AD2d 482, 482; see Phillips v Jacobsen, 117 AD2d 785, 786). "[T]he owner of a servient estate has the right to use its land in any manner that does not unreasonably interfere with the rights of the owners of an easement" (Scappa v Herzig, 92 AD3d 751, 752; see J.C. Tarr, Q.P.R.T. v Delsener, 70 AD3d 774, 777; LeBaron v DPL & B, LLC, 35 AD3d 391).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the first cause of action by submitting, inter alia, relevant deeds along with affidavits of some of the plaintiffs and a prior owner of 62 Middle Pond Road. This evidence demonstrated that the defendant had interfered with the plaintiffs' use of the easement, which was specifically described by its metes and bounds in the defendant's deed, as a means of ingress and egress to and from Middle Pond Road and to Middle Pond (see Rozek v Kuplins, 266 AD2d 445, 446; cf. J.C. Tarr, Q.P.R.T. v Delsener, 70 AD3d at 777). In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, the grant of this easement, which was subject to exact metes and bounds, rather than an undefined right of ingress and egress, did prohibit the defendant from altering the right-of-way in the manner in which she did (cf. Lewis v Young, 92 NY2d 443, 451).
Moreover, "'[a]pplications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit'" (Edwards v 1234 Pac. Mgt., LLC, 139 AD3d 658, 659, quoting Maldonado v Newport Gardens, Inc., 91 AD3d 731, 731-732). "'[A] court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt'" (Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836, quoting United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; see Lucido v Mancuso, 49 AD3d 220, 229). "Whether to grant such leave is within the motion [*3]court's discretion, the exercise of which will not be lightly disturbed" (Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861, 863 [internal quotation marks omitted]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). Here, contrary to the defendant's contention, the proposed amendment to the complaint was not palpably insufficient or patently devoid of merit.
Further, "[p]ursuant to CPLR 3103(a), the Supreme Court may issue a protective order precluding disclosure that is palpably improper in that it seeks irrelevant and/or confidential information, or is overly broad and burdensome" (Arch Ins. Co. v Delric Constr. Co., Inc., 174 AD3d 560, 561; see Ural v Encompass Ins. Co. of Am., 158 AD3d 845, 847). "'Trial courts are vested with broad discretion to issue appropriate protective orders to limit discovery . . . [T]his discretion is to be exercised with the competing interests of the parties and the truth-finding goal of the discovery process in mind'" (Cascardo v Cascardo, 136 AD3d 729, 729-730, quoting Brignola v Pei-Fei Lee, M.D., P.C., 192 AD2d 1008, 1009). "'The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799, quoting Mattocks v White Motor Corp., 258 AD2d 628, 629; see Scorzari v Pezza, 111 AD3d 916, 916). Here, contrary to the defendant's contention, she failed to demonstrate that the discovery sought by the plaintiffs in their discovery demand dated August 3, 2015, was palpably improper (see Ural v Encompass Ins. Co. of Am., 158 AD3d 845, 847; Woo v Shimunov, 273 AD2d 303). Thus, the court providently exercised its discretion in denying the defendant's motion for a protective order.
The defendant's remaining contentions are without merit.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court