Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp. (2023 NY Slip Op 01230)

Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp.

2023 NY Slip Op 01230

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Index No. 25834/17E Appeal No. 17466 Case No. 2022-03682 

[*1]Ciminello Property Associates, Plaintiff-Appellant,
v
New 970 Colgate Avenue Corp., et al., Defendants-Respondents.

Leech Tishman Robinson Brog, PLLC, New York (David Abramovitz of counsel), for appellant.
Terrence O'Connor, P.C., Bronx (Terrence J. O'Connor of counsel), for New 970 Colgate Avenue Corp., respondent.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for Bronx River Avenue, LLC, respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.) entered March 4, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the claims for a declaration that plaintiff has a prescriptive easement over Close Avenue to its full length and width and for compensatory and punitive damages for trespass, unanimously affirmed, without costs.
Plaintiff failed to establish the requisite elements of exclusivity and hostility required for a prescriptive easement (see Estate of Becker v Murtagh, 19 NY3d 75, 81, 83 [2012]). Consonant with our prior decision affirming the denial of plaintiff's motion for a preliminary injunction (Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp., 173 AD3d 447 [1st Dept 2019]), the record on summary judgment reflects that, since at least 1999, defendants had controlled access to the south gate at Story Avenue, and that plaintiff and its tenants' use of the disputed portion of Close Avenue had been permissive (id. at 448). The testimony of plaintiffs' tenants further established that they permitted members of the general public to access Close Avenue and traverse the south gate during regular business hours by using the keys obtained from defendants.
Although the owner of the servient estate cannot defeat an existing easement merely by asserting subsequent permission (see e.g. Brocco v Mileo, 170 AD2d 732, 733 [3d Dept 1991], lv denied 78 NY2d 853 [1991]), here, nothing about plaintiff's historical use of Close Avenue suggested that it excluded defendants from using the disputed portion of the road, or that its use otherwise constituted "an actual invasion of or infringement upon the owner's rights" so as to raise a question of fact as to the element of hostility (Aboulissan v Kingsland 79, LLC, 179 AD3d 878, 879 [2d Dept 2020] [internal quotation marks omitted]). As a practical matter, plaintiff could not have refused access to defendants, as the record established that defendants maintained keys to the south gate after providing a set to plaintiffs' tenants, and witnesses averred that, historically and currently, members of the public have been entering Close Avenue through the south gate to conduct business or make deliveries (see Susquehanna Realty Corp. v Barth, 108 AD2d 909 [2d Dept 1985] ["Use of a particular strip of land in common with the general public will not ripen into an easement by prescription"]).
The court correctly dismissed plaintiff's claim for compensatory and punitive damages because plaintiff failed to establish actual injury or loss of use, as opposed to mere inconvenience (Jenkins v Etlinger, 55 NY2d 35, 40 [1982]). Although punitive damages in some instances may lie where only nominal damages are awarded (see e.g. McWeeney v Lambe, 138 AD3d 796, 797 [2d Dept 2016]), plaintiff is not entitled to nominal damages for the reasons discussed above, and the record lacks evidence of "spite or malice, or a fraudulent or evil motive [*2]on the part of the defendant" (Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013] [internal quotation marks omitted]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023