Storms v Geraghty

2026 NY Slip Op 03034

May 14, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Elaine Storms, Appellant,

v

Micah Geraghty et al., Respondents, et al., Defendant.

Decided and Entered:May 14, 2026

CV-24-1911

Calendar Date: March 25, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

Farrell Fritz, PC, Uniondale (Jonathan M. Sclar of counsel), for appellant.

Klose & Associates, PC, Nyack (Peter Klose of counsel), for respondents.

[*1]

Powers, J.

Appeals (1) from a judgment of the Supreme Court (Richard Mott, J.), entered October 10, 2024 in Columbia County, which, among other things, granted plaintiff's motion for a directed verdict, and (2) from a judgment entered thereon.

In June 2021, defendant Nicholas Howard purchased property that bordered plaintiff's property. In October 2021, following a dispute regarding the location of the property line, Howard and defendant Micah Geraghty (hereinafter collectively referred to as defendants) trespassed upon plaintiff's property and caused actual damage by removing certain trees and vegetation. Plaintiff subsequently commenced this action asserting claims of trespass, injury to real property in violation of RPAPL 861 and to quiet title to the disputed portion. Plaintiff sought damages, including punitive damages, in an amount to be determined at trial. Ultimately, following trial, the jury returned a verdict on the trespass cause of action and found that actual damages had occurred, but awarded in compensatory damages. Yet, still relevant to the trespass cause of action, it assessed punitive damages in the amount of $40,000 against Geraghty and $15,000 against Howard. The jury also determined that defendants removed four trees from plaintiff's property and awarded plaintiff $3,000 as against each defendant for the RPAPL 861 violation, to cover the cost of restoration. Supreme Court directed a verdict in favor of plaintiff quieting title to the disputed portion of property. The court then asked the parties to submit briefing on whether punitive damages were required to be struck because of the jury's failure to award compensatory damages. After hearing from the parties, and over plaintiff's objection, the court entered a June 2024 order which modified the jury award to $1 in nominal compensatory damages from each defendant and reduced the punitive damages award to $3 from each defendant, finding that a higher punitive damages award violated defendants' due process rights. Judgments were then issued consistent with that order, awarding plaintiff a total of $8,008 in damages — with $4,004 being assessed against each defendant.FN1 Plaintiff appeals from the judgments, although her arguments relate only to the propriety of the jury's punitive damages award.FN2

As background, "[n]ominal damages are presumed from a trespass even where the property owner has suffered no actual injury to his or her possessory interest" (Shrage v Con Edison Co., 216 AD3d 1023, 1025 [2d Dept 2023] [internal quotation marks and brackets omitted]; accord Fairchild Corp. v MTA Long Is. R.R., 241 AD3d 787, 789 [2d Dept 2025]). This is because, as the Court of Appeals has recognized, "a continuing trespass may ripen into a prescriptive right and deprive a property owner of title to his or her land" and, therefore, "nominal damages have been recognized in tort to protect a landowner's right to be free of trespass" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 95 [1993]). An award of punitive [*2]damages may then attach to the granting of nominal damages (see Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp., 214 AD3d 447, 448 [1st Dept 2023]; McWeeney v Lambe, 138 AD3d 796, 797 [2d Dept 2016]; Ligo v Gerould, 244 AD2d 852, 853 [4th Dept 1997]; Bryce v Wilde, 39 AD2d 291, 293 [3d Dept 1972], affd 31 NY2d 882 [1972]). The cases relied upon by defendants to argue that compensatory damages must be awarded to permit the granting of punitive damages either directly refute the assertion or are readily distinguishable (cf. Rogers v NYCM, 222 AD3d 1278, 1281 [3d Dept 2023] [no basis to award punitive damages because complaint was dismissed], lv denied 42 NY3d 910 [2024], cert denied ___ US ___, 146 S Ct 155 [2025]; Nova Info. Sys., Inc. v Scheidelman, 129 AD3d 1352, 1353 [3d Dept 2015] [defendant could not request imposition of punitive damages in the absence of a counterclaim against plaintiff]).FN3

"[A] party seeking to recover punitive damages for trespass on real property has the burden of proving that the trespasser acted with actual malice involving intentional wrongdoing, or that such conduct amounted to a wanton, willful, or reckless disregard of the party's right of possession" (Fairchild Corp. v MTA Long Is. R.R., 241 AD3d at 790 [internal quotation marks and citation omitted]; see Levitt v Vining, 161 AD3d 1289, 1289 [3d Dept 2018]; Backus v Lyme Adirondack Timberlands II, LLC, 144 AD3d 1454, 1458 [3d Dept 2016]). However, "there are procedural and substantive constitutional limitations" on the award of punitive damages in that "[t]he Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor" (State Farm Mut. Auto. Ins. Co. v Campbell, 538 US 408, 416 [2003]). When reviewing an award of punitive damages as potentially violative of due process, we look to "the degree of reprehensibility of the [underlying conduct]; the disparity between the harm or potential harm suffered . . . and [the] punitive damages award; and the difference between this remedy and the civil penalties authorized or imposed in comparable cases" (BMW of North America, Inc. v Gore, 517 US 559, 575 [1996]; accord Matter of 91st St. Crane Collapse Litig., 154 AD3d 139, 158 [1st Dept 2017]; Ironwood, L.L.C. v JGB Props., LLC, 130 AD3d 1527, 1528 [4th Dept 2015], lv denied 26 NY3d 908 [2015]).

The proof at trial established that, on October 11, 2021, defendants had a heated disagreement with plaintiff regarding the location of the property line between plaintiff's property and Howard's. At this time, plaintiff provided defendants with a survey which demonstrated the property line to be where she claimed it was. Defendants later engaged in a conversation with a neighbor who also confirmed the property line to be where plaintiff had informed defendants it was. Markedly, during this conversation Geraghty derogatively referred to plaintiff as "[t]hat b**ch." Despite these confirmations, two weeks later [*3]defendants returned to the property they inaccurately still believed to be Howard's and utilized equipment to partially clear the lot without first making any attempt to determine for themselves the correct location of the property line. Plaintiff testified that her property was decimated as a result of defendants' actions, and the property now has drainage issues that were not present previously. Additionally, according to plaintiff, she lost privacy afforded by the tree cover and vegetation and the ordeal caused her undue stress, aggravation and has exasperated underlying health conditions. During trial plaintiff provided two damage estimates, the first being an estimate of the cost of restoration and the second related to the degradation of the total value of the property. The cost of restoration was estimated to be $14,330, or potentially $20,330 if additional drainage work was deemed necessary. Whereas the decrease in property value was estimated to be $50,000, with the value before defendants' actions being $335,000 and the value after being $285,000.

As to the trespass claim, the jury determined that defendants had entered plaintiff's property, or caused a third party to do so, without permission. The jury answered affirmatively that plaintiff suffered actual damages because of this trespass, yet it awarded plaintiff in compensatory damages. The jury found this conduct to be wanton and reckless or malicious and, as a result, awarded plaintiff $40,000 in punitive damages against Geraghty and $15,000 against Howard. As to the RPAPL claim, the jury found defendants had cut, removed, injured or destroyed four trees on plaintiff's property without plaintiff's permission, or caused such to be done, and that the cost of restoration was $3,000 as to each defendant. Over plaintiff's opposition, Supreme Court held that a reduction in the punitive damages award was warranted. Initially, the court found that an award of nominal damages related to plaintiff's trespass claim was required based upon the jury's determination that defendants had trespassed. Therefore, the court modified the jury's award of in compensatory damages to $1 as to both defendants. While noting an award of nominal damages may support an award of punitive damages, the court found that the $40,000 punitive damages award against Geraghty and $15,000 against Howard could not stand as these awards violated due process. Specifically, because "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process," which the punitive damages awarded here far exceeded. The court found that punitive damages at a single-digit ratio was appropriate and, therefore, decreased the punitive damages awarded to $3 against each defendant.

As the jury found that defendants' actions were wanton and reckless or malicious, the requirements for the imposition of punitive damages were met (see Fairchild Corp. v MTA Long Is. R.R., 241 AD3d at 790; [*4]Levitt v Vining, 161 AD3d at 1289; Backus v Lyme Adirondack Timberlands II, LLC, 144 AD3d at 1458), and we turn to the question of whether the award comported with due process. Analyzing the relevant constitutional guideposts set forth in BMW of North America, Inc. v Gore, we find, as Supreme Court did, that the jury's punitive damages award was excessive and reduction was warranted. However, we disagree with the court's reduction of punitive damages to $3 against both defendants because this token sum fails to accomplish the purpose of punitive damages. "In contrast to compensatory damages, which are intended to redress the concrete loss that a plaintiff has suffered by reason of the defendant's wrongful conduct, punitive damages are essentially private fines levied by civil juries to punish reprehensible conduct, and deter its future occurrence" (Frankson v Brown & Williamson Tobacco Corp., 67 AD3d 213, 218-219 [2d Dept 2009] [citations omitted]; see State Farm Mut. Auto. Ins. Co. v. Campbell, 538 US at 416; BMW of North America, Inc. v Gore, 517 US at 568; see also Philip Morris USA v Williams, 549 US 346, 359 [2007, Stevens, J., dissenting]). We cannot say that requiring defendants to each pay $3 in punitive damages — roughly the cost of a cup of coffee — punishes defendants or works to deter the occurrence of similar conduct in the future.

First, although this was an isolated incident that resulted in the removal of only four trees and no physical injury to plaintiff, defendants' actions were still reprehensible. Courts look for aggravating factors which generally accompany reprehensible conduct. "Those aggravating factors include: (1) whether a defendant's conduct was marked by violence or presented a threat of violence, (2) whether a defendant's conduct evinced trickery or deceit as opposed to mere negligence, and (3) whether the record supports a finding of intentional malice" (Jennings v Yurkiw, 18 F4th 383, 390 [2d Cir 2021] [citation omitted]). Some level of proof is present here supporting each of these three factors. Namely, defendants made no effort to first determine the property boundaries and, when faced with information that the line was not where they believed it to be, they resorted to personal attacks rather than due diligence. Defendants then came onto plaintiff's property and took steps to assert an ownership right, which they either knew or should have known Howard did not have, by clearing the land. This intentional interference with plaintiff's property rights through the destruction of her property was reprehensible (see generally Hoffman v Babad, 187 AD3d 542, 542-543 [1st Dept 2020]).

Relevant to the second consideration, in reducing the punitive damages award to $3, Supreme Court indicated that a single-digit ratio was "more likely" to comply with the dictates of due process. However, the Supreme Court of the United States has "consistently rejected the notion that the constitutional line is marked by a simple mathematical [*5]formula" (BMW of North America, Inc. v Gore, 517 US at 582). Rather, "the proper inquiry is whether there is a reasonable relationship between the punitive damages award and the harm likely to result from the defendant's conduct as well as the harm that actually has occurred" (id. at 581 [internal quotation marks, emphasis and citations omitted]). While higher ratios "raise a suspicious judicial eyebrow," this is not to say that a higher award is inherently unconstitutional (id. at 583 [internal quotation marks and citation omitted]). Defendants' plan failed, not because of any action they took but because plaintiff took the appropriate steps to guard her property rights (cf. Fairchild Corp. v MTA Long Is. R.R., 241 AD3d at 790). If plaintiff had not done so, defendants' actions could have ultimately ripened into prescriptive rights being vested in Howard, divesting plaintiff of "the most important of the various rights of an owner[,] . . . the right of possession which includes the right to exclude others from occupying or using the space" (Matter of Eagle Cr. Land Resources, LLC [Woodstone Lake Dev., LLC], 149 AD3d 1324, 1330 [3d Dept 2017] [internal quotation marks and citation omitted], lv denied 29 NY3d 916 [2017]). Thus, "if the wrongful plan [to take plaintiff's property] had succeeded," plaintiff's potential damages would have been much higher (TXO Production Corp. v. Alliance Resources Corp., 509 US 443, 460 [1993]; see Philip Morris USA v Williams, 549 US at 354; BMW of North America, Inc. v Gore, 517 US at 581-582).

Third, statutory penalties for the taking of trees in this State are permitted in the amount of "treble the stumpage value of the tree or timber or [$250] per tree, or both and for any permanent and substantial damage caused to the land or the improvements thereon as a result of such violation" (RPAPL 861 [1]). These are meant to "reasonably restore the lands affected . . . to their condition immediately before the violation and may be made by physical restoration of such lands and/or by the assessment of monetary payment to make such restoration" (RPAPL 861 [1]; see Matter of Rosbaugh [Town of Lodi], 43 NY3d 567, 573 [2025]). Comparable cases involving trespass and the destruction of trees and/or timber have also imposed punitive damages (see Western N.Y. Land Conservancy, Inc. v Cullen, 66 AD3d 1461, 1464 [4th Dept 2009] [punitive damages in the amount of $500,000 found not to be violative of due process where defendant, among other things, cut down trees to build a road through plaintiff's property and, when plaintiff blocked that access, defendant did so again in a second location], appeal dismissed 13 NY3d 904 [2009], lv denied 14 NY3d 705 [2010]; see also Smith-Lisle Holdings, Ltd. v DO-MO Joint Venture, 2026 WL 386239, *7, 2026 Tex App LEXIS 1325, *16 [Tex Ct App 2026] [reduction of punitive damages to $20,000 comported with due process in trespass action which involved removing of trees and vegetation]; Hookstead v [*6]Beal, 2021 WI App 67, *12-15, 965 NW2d 179 [Wisc Ct App 2021] [punitive damages in the amount of $250,000 awarded to defendants on their counterclaim of trespass related to property damage of trees and fencing found not to be violative of due process]; Robles v Bartlett Bldg. Corp., 4 Misc 3d 129[A], 2004 NY Slip Op 50672[U], *1-2 [App Term, 2d Dept, 2d & 11th Jud Dists 2004] [imposition of punitive damages of $2,970, the jurisdictional limit of court, warranted based upon defendant's deliberate damage to plaintiff's property by cutting down 30 trees]).

Despite higher punitive damages awards in some comparable cases, based upon the foregoing considerations, we find punitive damages in the amount of $25,000 against Geraghty and $10,000 against Howard to be necessary to deter future misconduct and otherwise in line with the dictates of due process, as this award bears a reasonable relation to the harm done and the underlying conduct engaged in by defendants (see generally McWeeney v Lambe, 138 AD3d at 797).

Garry, P.J., Reynolds Fitzgerald, Mackey and Ryba, JJ., concur.

ORDERED that the judgments are modified, on the law, without costs, by increasing the punitive damages awarded to plaintiff to $25,000 as against defendant Micah Geraghty and $10,000 as against defendant Nicholas Howard, and, as so modified, affirmed.

Footnotes

Footnote 1

This award included $1,000 in statutory damages, representing $250 per tree removed, being assessed against each defendant (see generally RPAPL 861 [1]).

Footnote 2

Although plaintiff did initially appeal from the June 2024 order, that appeal was withdrawn. Nevertheless, her appeal from the final judgment brings this order up for review (see CPLR 5501 [a]).

Footnote 3

Defendants did not appeal and, therefore, are not entitled to the affirmative relief they seem to seek in advancing this argument. Nevertheless, we address this contention as it forms the backdrop of the propriety of the award of punitive damages.